IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIRONA DENTAL SYSTEMS GMBH, SIRONA DENTAL, INC., and SICAT GMBH & CO. KG, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) ) | C.A. No. |
| 3SHAPE A/S, 3SHAPE, INC., BIOLASE, INC., CADBLU, INC., and BIODENTA NORTH AMERICA LLC | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendants*. | | |

## COMPLAINT FOR PATENT INFRINGEMENT

For their Complaint herein, Plaintiffs allege as follows:

## THE PARTIES

1.     Plaintiff Sirona Dental Systems GmbH ("Sirona Germany") is a German corporation with a principal place of business at Werner-von-Siemens-Straße 4, D-64625 Bensheim, Germany.

2.     Plaintiff Sirona Dental, Inc. ("Sirona US") is a Delaware corporation with a principal place of business at 30-30 47th Ave #500, Long Island City, NY 11101.

3.     Plaintiff SICAT GmbH & Co. KG ("SICAT") is a German corporation with a principal place of business at Brunnenallee 6, D-53177 Bonn, Germany.

4.      Sirona Germany, Sirona US, and SICAT (collectively, "Plaintiffs") are subsidiaries of Sirona Dental Systems, Inc., a Delaware corporation with a principal place of business at 30-30 47th Ave #500, Long Island City, NY 11101.

5.      Upon information and belief, Defendant 3Shape A/S ("3Shape") is a Danish corporation with a principal place of business at Holmens Kanal 7, 1060 Copenhagen K, Denmark.

6.      Upon information and belief, Defendant 3Shape, Inc. ("3Shape US") is a Delaware corporation with a principal place of business at 10 Independence Boulevard, Suite 150, Warren, NJ 07059.

7.      Upon information and belief, Defendant Biolase, Inc. ("Biolase") is a Delaware corporation with a principal place of business at 4 Cromwell, Irvine, CA 92618.

8.      Upon information and belief, Defendant CadBlu, Inc. ("CadBlu") is a New York corporation with a principal place of business at 37 West 28th Street, 9th Floor New York, NY 10001.

9.      Upon information and belief, Defendant Biodenta North America LLC ("Biodenta") is a Delaware limited liability company with a principal place of business at 11 Firstfield Rd., Gaithersburg, MD 20878.

## JURISDICTION AND VENUE

10.      This is an action for patent infringement, arising under the patent laws of the United States of America, Title 35 of the United States Code.  Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338(a).

11.      This Court has personal jurisdiction over 3Shape, 3Shape US, Biolase, CadBlu, and Biodenta (collectively, "Defendants") in that they have, directly or through agents

{00958867;v1 }                                              - 2 -

and/or intermediaries, committed acts within Delaware giving rise to this action and/or each has established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and justice.

12.     Upon information and belief, Defendants regularly conduct business in Delaware, and purposefully availed themselves of the privileges of conducting business in Delaware.  In particular, upon information and belief, Defendants, directly and/or through their agents and/or intermediaries, make, use, import, offer for sale, sell, and/or advertise their products and affiliated services in Delaware.

13.     Upon information and belief, Defendants have committed patent infringement in Delaware that has led to foreseeable harm and injury to Plaintiffs, including Sirona Dental, Inc., a Delaware corporation.  Upon information and belief, Defendants derive substantial revenue from the sale of infringing products distributed within Delaware and/or expect or should reasonably expect their actions to have consequences within Delaware.  In addition, upon information and belief, Defendants knowingly induced, and continue to knowingly induce, infringement within Delaware by offering for sale, selling, and/or contracting with others to market infringing products with the knowledge and intent to facilitate infringing use of the products by others within Delaware and by creating and/or disseminating product information and other materials providing instruction for infringing use.

14.     In the alternative, 3Shape is subject to jurisdiction in the United States, and specifically in Delaware, pursuant to FED. R. CIV. P. 4(k)(2).  3Shape has contacts with the United States that include, *inter alia,* advertising, offering to sell, and/or selling its Implant Studio™ software and related products throughout the United States, including Delaware and this Judicial District.

15.     This Court also has personal jurisdiction over 3Shape US, Biolase, and

Biodenta by virtue of their being entities organized and existing under the laws of the State of

Delaware, and thus resident within this judicial district.

16.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and/or (d)

and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

17.     Sirona US and SICAT are exclusive licensees of U.S. Patent No.

6,319,006 ("the '006 patent"), entitled "Method for Producing a Drill Assistance Device for a

Tooth Implant."  A copy of the '006 patent is attached as Exhibit A.  Sirona Germany is the

owner of the '006 patent by assignment.  The '006 patent is valid, enforceable, and was duly and

legally issued to Sirona Germany on November 20, 2001, in full compliance with Title 35 of the

United States Code.

18.     As exclusive licensee, Sirona US possesses all rights conferred by the '006

patent within a field that includes the manufacture, use, and sale of 3D X-ray equipment and

software sold along with such equipment.  As exclusive licensee, SICAT possesses all rights

conferred by the '006 patent within a field that includes the manufacture, use, and sale of (1)

surgical guide products and (2) standalone software that is used in conjunction with 3D X-ray or

optical impression equipment.

## COUNT I

### INFRINGEMENT OF THE '006 PATENT

19.     Plaintiffs incorporate paragraphs 1 through 18 herein by reference.

20.     This cause of action arises under the patent laws of the United States, and

in particular, 35 U.S.C. §§ 271, *et seq.*

21.     Defendants make, use, advertise, import, offer for sale, sell for subsequent

sale in the United States and/or sell in the United States, including within Delaware and this

Judicial District, dental implant planning software under the name Implant Studio™.  *See, e.g.,*

http://www.biodenta.net/downloads/DIS/BioGuide_Flyer.pdf, last visited March 27, 2015

(attached hereto as Exhibit B).

22.     In June 2014, 3Shape filed with the Food and Drug Administration (FDA)

a Premarket Notification under Section 510(K) of the Food, Drug and Cosmetic Act concerning

Implant Studio™ software.  On October 31, 2014, 3Shape obtained 510(K) clearance from the

FDA to market Implant Studio™ software.  *See* Exhibit C, attached.

23.     Upon information and belief, the Implant Studio™ software is made and

sold to compete directly with Plaintiffs' products, including without limitation: Galileos Implant,

SICAT Implant, and SICAT Implant CAD/CAM software products; SICAT's surgical guide

products; Sirona US's Galileos and Orthophos XG 3D X-ray products; and Sirona Germany's

Cerec optical impression, milling, and surgical guide products.

24.     Sirona-US and Sirona-Germany notified 3Shape that use of the Implant

Studio™ software infringed the '006 patent at least as early as March 5, 2015.  *See* Exhibit D.

Accordingly, upon information and belief, Defendants have known that use of the Implant

Studio™ software infringes the '006 patent since at least March 5, 2015.

25.     Additionally, this Complaint provides notice to Defendants that use of the

Implant Studio™ software infringes the '006 patent.

26.     Defendants have directly infringed one or more claims of the '006 patent

by making, using, offering for sale, and/or selling at least the Implant Studio™ software.

27.     Upon information and belief, Defendants were aware of the '006 patent before making, using, offering for sale, and/or selling the Implant Studio™ software.

28.     Upon information and belief, Defendants are actively targeting customers of Plaintiffs by selling their Implant Studio™ software with the intent to induce and contribute to infringement of the '006 patent.

29.     Defendants have contributorily infringed one or more claims of the '006 patent by offering for sale and/or selling at least the Implant Studio™ software.

30.     The Implant Studio™ software is not a staple article of commerce and has no substantial non-infringing use, as the software is made to allow a user to practice at least one of the methods claimed in the '006 patent.  As such, the software is a material part of practicing one or more methods claimed in the '006 patent.

31.     Upon information and belief, Defendants' sales of the Implant Studio™ software have been made with knowledge of the '006 patent and knowledge that the Implant Studio™ software is made for use in practicing one or more methods claimed in the '006 patent, and Defendants have specifically intended to contribute to the infringement of the '006 patent.

32.     As a result of Defendants' contributory infringement of the '006 patent, dentists, dental professionals, and other end users of the Implant Studio™ software have used and continue to use the software to directly infringe one or more claims of the '006 patent by practicing the invention.

33.     For example, using Implant Studio™ to plan a dental implant and design a dental surgical drill guide based on aligned 3D CT and optical scans, as depicted in 3Shape's Implant Studio™ video, available at http://www.3shapedental.com/restoration/dental-lab/cad-

design/implant-studio%E2%84%A2/, last visited March 27, 2015 (screenshots attached hereto as

Exhibit E), directly infringes at least claim 1 of the '006 patent:

34.     Defendants have induced others to directly infringe one or more claims of

the '006 patent by offering for sale and/or selling at least the Implant Studio™ software and

providing instructions for its use.

35.     Along with sales of the Implant Studio™ software, Defendants have

provided instructions of how to use the software, outlining the steps a user must take to practice

one or more methods claimed in the '006 patent.  *See* Exhibit E; Implant Studio™ Brochure,

*available at* http://www.3shapedental.com/restoration/implant-studio-brochure/, last visited

March 27, 2015 (attached hereto as Exhibit F).

36.     Upon information and belief, Defendants have sold the Implant Studio™

software with full knowledge of the '006 patent and with the intent to induce infringement

thereof.

37.     Defendants have advertised the use of the Implant Studio™ software for

practicing one or more methods claimed in the '006 patent at least through trade shows

(including without limitation Chicago Midwinter Meeting held Feb. 26, 2015, in Chicago, IL),

online videos demonstrating its use, and other online promotional materials.  *See* Exhibits B, E,

F; http://www.dentistryiq.com/articles/2015/02/3shape-officially-releases-implant-studio-in-the-

usa.html, last visited March 27, 2015 (attached hereto as Exhibit G).

38.     As a result of Defendants' sales, instructions, and advertising, dentists,

dental professionals, and other end users of the Implant Studio™ software have used and

continue to use the software to directly infringe one or more claims of the '006 patent by

practicing the invention.

39.     As a consequence of Defendants' acts of infringement of the '006 patent as set forth above, Plaintiffs have been damaged, and will continue to be damaged unless such acts are enjoined by the Court.

40.     Defendants have had actual notice of the '006 patent and, upon information and belief, have known or should have known that use of the Implant Studio$^{TM}$ software infringes the '006 patent.  Defendants have nonetheless continued to engage in their infringing acts.  Accordingly, their infringement is willful and deliberate, and this case is exceptional under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that:

A.  Defendants be declared and adjudged to have directly infringed, engaged in the contributory infringement of, and actively induced others to infringe the '006 patent;

B.  Defendants' infringement, contributory infringement, and active inducement of infringement of the '006 patent be declared and adjudged to be willful and deliberate;

C.  Defendants, and any of their officers, directors, agents, servants, employees, successors, assigns, and all those controlled by them or in active participation with them, be preliminarily and permanently enjoined from further acts of infringement of the '006 patent;

D.  Defendants be required to account for and pay over to Plaintiffs all actual damages suffered by Plaintiffs by reason of Defendants' infringement, including without limitation lost profits and/or a reasonable royalty;

E.  By reason of the willful and deliberate nature of the aforesaid infringing acts, such damages be trebled pursuant to 35 U.S.C. § 284;

F.  By reason of the exceptional nature of this case within the meaning of 35 U.S.C. § 285, Plaintiffs be awarded their attorneys' fees;

G.  Defendants be ordered to pay to Plaintiffs' prejudgment and postjudgment interest, and costs; and

H.  This Court grant Plaintiffs such other further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

John G. Day (#2403)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel*:

Michael P. Sandonato
John D. Carlin
Josh Calabro
FITZPATRICK, CELLA, HARPER
    & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100 Telephone
(212) 218-2200 Facsimile
msandonato@fchs.com
jcarlin@fchs.com
jcalabro@fchs.com

Dated: March 30, 2015

{00958867;v1 }                     - 10 -